2011R000415
LS/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Honorable Katharine S. Hayden |
|---|---|
| *Plaintiff,* v. | Criminal No. 11-165 |
| PASQUALE ZINNA | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| *Defendant.* | |

**WHEREAS**, on or about December 20, 2011, defendant Pasquale Zinna pled guilty pursuant to a plea agreement with the United States to an Indictment charging him with Social Security fraud in violation of 42 U.S.C. § 408, and structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3); and

**WHEREAS**, pursuant to 31 U.S.C. § 5317, a person convicted of an offense in violation of 31 U.S.C. § 5324 shall forfeit to the United States any property, real or personal, involved in the offense and any property thereto; and

**WHEREAS** the sum of $98,000 is subject to forfeiture by defendant Pasquale Zinna as property, real or personal, that was involved in the offense to which defendant Pasquale Zinna has pled guilty; and

**WHEREAS** the defendant Pasquale Zinna, pursuant to his plea agreement with the United States has agreed to hand-deliver to the Asset Forfeiture and Money Laundering Unit of the United States Attorney's Office, District of New Jersey, a certified

bank check payable to the United States Treasury in the amount of $98,000, prior to his sentencing date; and

**WHEREAS** if by any act or omission of the defendant, any property subject to forfeiture:

      (A)    cannot be located upon the exercise of due diligence;

      (B)    has been transferred or sold to, or deposited with, a third party;

      (C)    has been placed beyond the jurisdiction of the court;

      (D)    has been substantially diminished in value; or

      (E)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS** defendant Pasquale Zinna:

      (1)    Consents to the forfeiture to the United States of $98,000 as property, real or personal, involved in the offense to which he pled guilty;

      (2)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property;

      (3)    Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement

of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(4) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(5) Agrees, pursuant to Rule 32.2(b)(3), to consent promptly to the finalization of the order of forfeiture before sentencing if requested by the government to do so;

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

**WHEREAS** Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

THAT, pursuant to 31 U.S.C. § 5317, defendant Pasquale Zinna shall forfeit to the United States the sum of $98,000; and

**IT IS FURTHER ORDERED** that a money judgment in the amount of $98,000 shall be entered against defendant Pasquale Zinna; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e); and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to defendant Pasquale Zinna at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $98,000 in United States currency to satisfy the forfeiture money judgment in whole or in part.

ORDERED this 29th day of May, 2012.

_____
Honorable Katharine S. Hayden
United States District Judge

The undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____ Dated: 5/23/12
By: LESLIE FAYE SCHWARTZ
Assistant United States Attorney

_____ Dated: 5/23/12
MAURICE H. SERCARZ, ESQ.
Attorney for Defendant Pasquale Zinna

_____ Dated: 5/23/12
Defendant Pasquale Zinna